### SAMUEL WELLER *v.* JOHN McCARTY.

*Money paid for the defendant, and at his request, may be charged, and recovered for in an action on book account; and it seems that that form of action may be sustained, whenever the money might have been recovered under a general count in assumpsit.*

*An agreement on the part of the person for whom the money is paid, made previous to the payment, to give security therefor by mortgage, will not preclude a recovery in this form of action, notwithstanding the security has never been demanded.*

BOOK ACCOUNT. The defendant objected to two charges for money in the plaintiff's account, one for $40, and the other for $238, in reference to which the auditor reported, that the defendant, being indebted to one Dinsmoor in two notes, of $250 each, which were secured by mortgage on the defendant's farm, the plaintiff and defendant entered into a verbal agreement, by which the plaintiff was to assist the defendant to pay the said debt to Dinsmoor, and the defendant was to secure the plaintiff for the money, so advanced by him to Dinsmoor, by mortgage on said farm. Before the plaintiff had made any advances in pursuance of said agreement, Dinsmoor called upon the plaintiff for money, and the plaintiff expressed some doubt as to his being able to obtain security from the defendant, in case he should advance the money. Dinsmoor then promised the plaintiff, that, if he would pay said notes, he would assign to him, for his security, the mortgage he then held on the defendant's farm; "whereupon the plaintiff agreed with said Dinsmoor to pay him the money contained in said two notes, on the terms of said Dinsmoor's proposition," and did subsequently pay to said Dinsmoor the money charged in said two disputed items, and the same were indorsed as payment upon the notes Dinsmoor held against the defendant. The defendant never gave the plaintiff any mortgage, nor any other security for said payment; nor did Dinsmoor ever assign his mortgage, or any part thereof, to the plaintiff.

The county court allowed to the plaintiff the amount of said sums, to which the defendant excepted.

*C. D. Kasson* for defendant.

I. If the money was paid under the contract with the defendant, it never was the subject of a book charge. The contract was a special one, in its very essence *executory*, and, in fact, as relates to the defendant, is still subsisting. The whole character of the transaction shows that it was never intended to be matter of book charge.

1. The original agreement was simply one for a loan upon specific security; and no action would lie to recover the money advanced, until the defendant had, upon reasonable request, refused to furnish the security. *Allen v. Thrall*, 10 Vt. 255. *Whiting v. Corwin*, 5 Vt. 455.

2. In *Slason v. Davis*, 1 Aik. 73, *Read v. Barlow*, 1 Aik. 145, and *Fay et al. v. Green*, 2 Aik. 386, the court not only held that a special contract, of a nature inconsistent with the idea that the matter was *intended* to be charged, could not be the subject of this form of action, but also that, if the right to charge did not exist at the time, it could not be created by subsequent events.

3. The plaintiff's action, if any, is for *damages* for *refusing* to give security. *Blanchard v. Butterfield*, 12 Vt. 451.

4. The whole contract is still subsisting, and falls clearly within the cases of *Smith v. Smith*, 14 Vt. 440, and *Terrill v. Beecher*, 9 Conn. 344.

II. The performance by the plaintiff was not in reliance upon the contract with the defendant, but in express consideration of a new stipulation by Dinsmoor. It is the simple case of a man's going to A., and purchasing notes and a mortgage security which he holds against B., and then claiming to recover of B. the amount in an action on book. Equity would compel Dinsmoor to stand seized in trust for the defendant, or compel him to make an assignment for his security.

*D. A. Smalley* and *C. Adams* for plaintiff.

Money may be charged and recovered for in an action on book account. *Whiting v. Corwin*, 5 Vt. 451. *Hurd v. Fleming*, 1 Root 132. *Chellis v. Woods*, 11 Vt. 466. And this is so, whether it was paid to the defendant, or to another person for the defendant,

and at his request.  *Paddock et al.* v. *Ames,* 14 Vt. 515.  1 Swift's Dig. 582.

The opinion of the court was delivered by

REDFIELD, J.  The only items of the account disputed are two for money paid Dinsmoor, and endorsed on defendant's note to him, being two hundred and seventy eight dollars.  It is not found that this money was paid with a view to purchase the notes,—and the fact of its being endorsed upon the notes would seem to be inconsistent with any such presumption.  It is expressly found that the money was paid on the request or by the consent of the defendant. He would then be liable for it in general assumpsit, and equally in this form of action, unless there was some special contract which precluded such recovery.  This is not pretended, unless the agreement of the defendant to give security on his farm for the same, or that of Dinsmoor to assign the notes and mortgage, is to have that effect.  The payment of the money *in itself,* under the circumstances, created an obligation.  The execution of a bond and mortgage, or the assignment of the notes, might have extinguished it. The first would of course, and the latter would if so intended ; but it would seem not certain that there was ever any intention of assigning the mortgage, except as security.  Neither of these modes of giving security have been executed.

The debt, then, is not *in fact* merged.  And there are no facts found from which this court can say, either that the plaintiff agreed to give credit for time of payment, or to put it in a note secured by mortgage.  The simple obligation of payment then remains.  And the recovery may well be had in this form of action.  The right to charge money on book, and to recover for that alone, is now too well settled to be brought in question.

Judgment affirmed.